UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos.  12-20322-CR-SEITZ
12-20400-CR-SEITZ
13-20455-CR-SEITZ

UNITED STATES OF AMERICA

vs.

RICARDO AMADOR BALLESTEROS GARCIA,
a/k/a "Ricardo Amador Ballesteros,"
a/k/a "Ricardo Amador Ballester,"
a/k/a "Alejandro Alvarez Abreu,"

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER PENDING SENTENCING AND FOR APPRAISAL

THIS MATTER is before the Court on Defendant's Motion Requesting Revocation of Detention Order until Sentence is Imposed and Order to Appraise Value of Property 18051 SW 158 St. Miami, FL 33187 [Case No. 12-20400, DE 124; Case No. 13-20455, DE 109] and the Government's Response [Case No. 12-20400, DE 127; Case No. 13-20455, DE 113]. In his Motion, Defendant first asserts that because he was only convicted of crimes relating to lying about his identity for which he has accepted responsibility, he is no longer a flight risk and thus should be released on bond. Second, he seeks a Court Order for an appraisal of the property at 18051 SW 158th St. Miami, FL 33187.

First, Defendant's request to revoke the detention order pending sentencing must be denied. Defendant has not met his burden to establish by "clear and convincing evidence that [he] is not likely to flee." *See* 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 46(c). The facts justifying Defendant's pretrial detention have not changed. He is a citizen of Cuba and Spain; is

1

a pilot; has admitted the ease with which he is able to obtain false documentation; and travels regularly under an alias, including into and out of the United States through both legitimate and illegitimate channels. Although he was found not guilty of conspiracy and bank fraud, Defendant was convicted on seven counts of making false statements based on lying about his identity, including to federal agents, and faces a maximum sentence of 135 years. Defendant insists that he would receive only a six-month sentence under the Guidelines; but, as the Government points out, Defendant may be eligible for various sentencing enhancements which would affect his Guideline range. In light of all of the facts, Defendant's conclusory argument about what he believes his sentence will be and his "word" that he will not flee are not sufficient to overcome the statutory presumption in favor of pre-sentencing detention.

Second, Defendant's request for a Court-Ordered appraisal is also denied. If Defendant feels an appraisal is relevant and necessary, he is free obtain one, as he has indicated he is willing and able to do. Therefore, it is

ORDERED THAT

Defendant's Motion Requesting Revocation of Detention Order until Sentence is Imposed and Order to Appraise Value of Property 18051 SW 158 St. Miami, FL 33187 [Case No. 12-20400, DE 124; Case No. 13-20455, DE 109] is **DENIED**.

DONE AND ORDERED in Miami, Florida, this __4th__ day of December, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
    *Pro se* Defendant