UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos. 12-20322-CR-SEITZ
12-20400-CR-SEITZ
13-20455-CR-SEITZ

UNITED STATES OF AMERICA

vs.

RICARDO AMADOR BALLESTEROS GARCIA,
a/k/a "Ricardo Amador Ballesteros,"
a/k/a "Ricardo Amador Ballester,"
a/k/a "Alejandro Alvarez Abreu,"

Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING NEW TRIAL

THIS MATTER is before the Court on Defendant's Motion for Reconsideration of the Order Denying His Motion for a New Trial and Request for an Evidentiary Hearing. [Case No. 12-20322, DE 199; Case No. 12-20400, DE 226; Case No. 13-20455, DE 213]. The Court denied Defendant a new trial based on newly discovered evidence, finding the Financial Crisis Inquiry Report (FCIR) to be inadmissible and therefore immaterial for purposes of Federal Rule of Criminal Procedure 33. [Case No. 12-20322, DE 192; Case No. 12-20400, DE 221; Case No. 13-20455, DE 207]. Defendant now believes that the Court wrongfully relied on the Eleventh Circuit's holding in *United States v. Powell*, 509 Fed. Appx. 958 (11th Cir. 2013), in finding the FCIR immaterial. Defendant also claims that the Court failed to consider a second piece of "newly-discovered evidence." Finally, Defendant argues that the Court erred in denying him an evidentiary hearing on his Motion. All of Defendant's claims are unpersuasive and his Motion for Reconsideration is denied.

The Court relied on *United States v. Powell*, to find the FCIR irrelevant and therefore

1

immaterial. The Eleventh Circuit held in *Powell* that a bank's role in the 2008 mortgage crisis was irrelevant for the crime of mortgage fraud. 509 Fed. Appx. at 967. Defendant argues that this reliance was misplaced because he was not convicted of mortgage fraud, but rather convicted of making false statements to a financial institution. While Defendant correctly distinguishes his convictions from those in *Powell*, the Eleventh Circuit's rationale still applies. The Eleventh Circuit stated: "Whether the lenders in this case knew or should have known that the loan applications were fraudulent is of no consequence to this action. It has no bearing on the essential element of Powell's conduct, namely her intent to participate in the mortgage fraud scheme." *Id*. The same applies here. Whether or not IndyMac and Washington Mutual banks knew or should have known that Defendant's loan application contained false statements is of no consequence to this action. It has no bearing on the essential elements of Defendant's conduct, namely, his intent to make false statements to banks for purposes of obtaining mortgages. Thus the FCIR, as evidence of the banks' conduct, would have been held inadmissible, and the Defendant's Motion was properly denied.

    Defendant next argues that the Court only addressed the FCIR in its analysis and failed to consider a 2013 plea agreement between JP Morgan Chase Bank and the Department of Justice as additional new evidence. Defendant makes very little reference to this document in his six-page analysis of the new trial standard. Indeed the first time Defendant mentions a plea agreement is on page five of his Motion for New Trial. Nevertheless, the plea agreement suffers from the same lack of materiality as the FCIR. Pursuant to the reasoning in *Powell*, JP Morgan Chase Bank's conduct is irrelevant to Defendant's intent to make false statements for purposes of receiving mortgages.

    Finally, Defendant continues to request an evidentiary on his Motion for a New Trial.

However, an evidentiary hearing on a Rule 33 motion is not necessary if the record contains all the evidence needed to adequately dispose of the motion. *United States v. Scrushy*, 721 F.3d 1288, 1305 n.30 (11 Cir. 2013). While Defendant argues that the facts are in dispute, the Court finds, as it previously found, that there are no disputed facts with regards to the purportedly new evidence to warrant an evidentiary hearing. Therefore, it is

ORDERED THAT

Defendant's Motion for Reconsideration of the Order Denying His Motion for a New Trial and Request for an Evidentiary Hearing [Case No. 12-20322, DE 199; Case No. 12-20400, DE 226; Case No. 13-20455, DE 213] is **DENIED**.

DONE AND ORDERED in Miami, Florida, this 22nd day of June, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
    *Pro se* Defendant